1  REBECCA EISEN, State Bar No. 96129
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Tel:  415.442.1000
   Fax:  415.442.1001
4  reisen@morganlewis.com

5  LAUREN S. KIM, State Bar No. 210572
   MORGAN, LEWIS & BOCKIUS LLP
6  2 Palo Alto Square
   3000 El Camino Real, Suite 700
7  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
8  Fax:  650.843.4001
   lkim@morganlewis.com

9

10 Attorneys for Defendant
   P.F. CHANG'S CHINA BISTRO, INC.

11

12            UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

14

15 RENE H. VASQUEZ, individually,          Case No. CV09-01408 DSF (RZx)
   and on behalf of all other similarly
16 situated current and former            **DEFENDANT P.F. CHANG'S
   employees of P.F. Chang's China        CHINA BISTRO, INC.'S
17 Bistro, Inc.,                          SUPPLEMENTAL MEMORANDUM
                                          IN SUPPORT OF DEFENDANT'S
18              Plaintiff,                 OPPOSITION TO PLAINTIFF'S
                                          MOTION TO COMPEL ANSWERS
19       vs.                              TO INTERROGATORIES AND
                                          PRODUCTION OF DOCUMENTS
20 P.F. CHANG'S CHINA BISTRO,             (JOINT STIPULATION);
   INC., an Arizona corporation; and      [PROPOSED] ORDER**
21 DOES 1 through 100, inclusive,
                                          Date:     October 5, 2009
22              Defendants.                Time:     10:00 a.m.
                                          Ctrm:     540
23
                                          Discovery Cut-Off:     None Set
24                                         Pre-Trial Conference:  None Set
                                          Trial Date:            None Set
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## SUPPLEMENTAL MEMORANDUM

Plaintiff Rene Vasquez ("Plaintiff" or "Mr. Vasquez"), a former short-term non-exempt cook at Defendant P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's"), attempts to bring class claims for: (1) failure to provide meal breaks, (2) illegal deduction of uniform costs from wages and (3) inaccurate wage statements on behalf of *all* non-exempt P.F. Chang's employees in all of P.F. Chang's locations and branches in California for over a four year time span. Although Plaintiff cannot substantiate any of these claims and is an inadequate class representative, he now seeks contact information, time records, payroll records and other private information for all putative class members.

The law is clear that Plaintiff is not entitled to class-wide discovery simply because he has alleged broad class claims in his complaint. The Ninth Circuit has held that Plaintiff is not entitled to such expansive class discovery where he has not substantiated his own claims, let alone claims made on behalf of a class he could not represent. Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985) ("the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations"); Doninger et al. v. Pacific Northwest Bell, Inc. (9th Cir. 1977) 564 F.2d 1304, 1313 ("where the plaintiffs fail to make even a *prima facie* showing of [class action prerequisites], as we find here, the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations"); Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 304-05 (D.Colo. 1998) (approving Mantolete and requiring plaintiffs to show a "reasonable likelihood" that the employer had a national policy or practice to deny overtime with respect to its non-exempt employees before discovery would be extended nationwide). Here, Plaintiff has made no such showing. Mr. Vasquez has failed to demonstrate his own individual injury, let alone that he could meet the requirements of Rule 23,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21333778.1

1

DEFENDANT'S SUPPLEMENTAL
MEMORANDUM
CASE NO. CV09-01408 DSF (RZx)

1    including being an adequate class representative.

2         Plaintiff's time records confirm that for shifts of 6 hours or more, Mr.

3    Vasquez *always* recorded a meal break of at least 30 minutes, except in *one* single

4    instance where he may have taken a meal break but failed to clock out.[1]

5    Declaration of Lauren S. Kim in Support of Defendant's Opposition to Plaintiff's

6    Motion to Compel ("Kim Declaration"), at Exhibit ("Ex.") A at 4-6.  Although

7    these allegations appear nowhere in his complaint, for the first time during his

8    deposition, Plaintiff acknowledged the company's stated uniform policy of

9    providing meal breaks of at least 30 minutes for shifts of 6 hours or more, but

10   claimed his manager deviated from company policy by "editing" his time records to

11   reflect meal breaks that Plaintiff claims never happened.  In so alleging, Plaintiff

12   effectively concedes that the time records he now seeks on a class-wide basis do not

13   reflect P.F. Chang's policy or reality and could therefore not be used to substantiate

14   his class claims.  Instead, Plaintiff's current allegations demonstrate that his claims

15   are *inherently individual* in nature, requiring an individualized inquiry into time

16   recording practices of each individual employee as well as the individualized

17   practices of each employee's manager.

18        Courts have held that such individualized claims cannot be accorded class

19   treatment.  Plaintiff has not alleged, nor does he seek in the requested discovery to

20   learn of, an overarching unlawful company policy impacting similarly an entire

21   class.  A case which requires each class member to describe his or her own situation

22   is the antithesis of a class action.  "[A] class action cannot be maintained where

23   each member's right to recover depends on facts peculiar to his case ...."  Brown v.

24   Federal Express Corp., 249 F.R.D. 580, 586-87 (C.D. Cal. 2008) (denying class

25   certification in meal and rest break class action where highly individualized factual

26   inquiries predominated over common class concerns); Lanzarone v. Guardmark

27   ---

[1] Plaintiff signed a meal period waiver agreement upon hire which waived his right
to a meal period for shifts of less than six hours (as permitted by law).  Kim Decl.,
28   Exh. A at 3.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21333778.1                         2                    DEFENDANT'S SUPPLEMENTAL
                                                           MEMORANDUM
                                                           CASE NO. CV09-01408 DSF (RZx)

1  <u>Holdings, Inc.</u>, 2006 WL 4393465, at *4-5 (C.D. Cal. Sept. 7, 2006) (meal and rest

2  period claims inherently present individualized questions); <u>Blackwell v. Sky West</u>

3  <u>Airlines, Inc.</u>, 245 F.R.D. 453, 468 (S.D. Cal. 2007) (individual questions

4  predominate in claim that employer failed to provide 30 minute meal periods;

5  <u>Kenny v. Supercuts</u>, 2008 U.S. Dist. LEXIS 43073, 17-18 (N.D. Cal. June 2, 2008)

6  (court denied class certification of hair salon employees alleging meal break

7  violations because the individual issues predominated).

8       Moreover, if Plaintiff can substantiate his class claims only by obtaining

9  contact information for *each* putative class member in order to interview each of

10  them, Plaintiff effectively concedes the individual nature of his claims.  Interviews

11  with non-exempt employees in other stores performing other job duties under other

12  managers are irrelevant to Plaintiff's individual claim that his manager improperly

13  edited his time records.  They certainly could not serve to "substantiate" any class

14  claims.  Under Ninth Circuit precedent, Plaintiff's request for class-wide discovery

15  should be denied.

16       Also, during his deposition, Plaintiff testified that he did not even have an

17  individual claim for illegal deduction of costs of uniforms, shoes, tools and

18  equipment from his wages, or inaccurate wage statements.

19       Q: . . . Were you required to pay for any tools or equipment other than

20  the hat that you mentioned to me while you worked at P.F. Chang's?

21       A:  Umm, no.

22       Q:  Was there any deduction taken from your paycheck for uniforms,

23  shoes, tools or equipment?

24       A:  No.

25  Kim Decl., Exh. D, at 215:22-216:4.

26       Q:  Do you know of any information that is supposed to be on a

27  paystub that is missing from your paystubs?

28       A:  No.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21333778.1                    3                    DEFENDANT'S SUPPLEMENTAL
MEMORANDUM
CASE NO. CV09-01408 DSF (RZx)

1                                    *    *    *

2          Q:  Do you see anything about them that are inaccurate?

3          A:  No.

4      Kim Decl., Exh. D, at 194:9-12; 196:14-16; 192:10-194:8.

5          Because Mr. Vasquez lacks standing to proceed on his own claims, he would

6   not have standing to act as class representative.  Casey v. Lewis, 4 F.3d 1516, 1519

7   (9th Cir. 1993) ("At least one *named* plaintiff must satisfy the actual injury

8   component of standing in order to seek relief on behalf of himself or the class.");

9   Lierboe v. State Farm Mutual Automobile Ins. Co., 350 F.3d 1018, 1022 (9th Cir.

10  2003) ("[S]tanding is the threshold issue in any suit.  If the individual plaintiff lacks

11  standing, the court need never reach the class action issue.").  In order to be an

12  adequate class representative, the named plaintiff must have an actionable claim, be

13  a member of the class, and suffer the same alleged injuries as the class she purports

14  to represent.  See California State Employees' Association v. State of California,

15  1985 WL 397, *3-4 (N.D. Cal. 1985); East Texas Motor Freight System, Inc. v.

16  Rodriguez, 431 U.S. 395, 403 (1977)).  Thus, if the named plaintiff cannot establish

17  his own case or controversy with the defendant, he may not seek relief on behalf of

18  himself or any other members of the putative class.  Holloway v. Best Buy, Inc.,

19  2009 WL 1533668, *8 (N.D. Cal. 2009) (holding that the named plaintiffs could

20  not represent a class on claims that were time-barred as to the named plaintiffs).

21  Because Plaintiff is not an adequate class representative, no amount of class

22  discovery will substantiate Plaintiff's class claims.  Particularly where Plaintiff

23  could not demonstrate why his own individual claims have merit, there is no basis

24  for him to subject Defendant to costly, burdensome discovery regarding other

25  employees he could not appropriately represent.

26          Simply put, Plaintiff cannot go on a fishing expedition to request burdensome

27  and private putative class-wide information (such as payroll records, time records,

28  home addresses and other personal information) for ***every single*** P.F. Chang's non-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S SUPPLEMENTAL
MEMORANDUM
CASE NO. CV09-01408 DSF (RZx)

1    exempt employee throughout all the stores in California.  In addition to discovery

2    regarding Plaintiff's individual claims, Defendant has already provided Plaintiff

3    with discovery regarding the relevant company policies and procedures, including

4    employee policies and handbooks which apply to Plaintiff and all non-exempt

5    California employees.  While initially, Defendant agreed to provide only such

6    policies that were in effect during Plaintiff's employment, Defendant has recently

7    produced additional policies in effect during the entire relevant class period.  In

8    addition, Defendant has agreed to produce its person most knowledgeable on

9    October 6, 2009 to be deposed regarding the relevant policies and procedures which

10   affected Plaintiff and all non-exempt California employees.  For all the reasons

11   discussed above, class-wide discovery should, at a minimum, be deferred until

12   Plaintiff can make a *prima facie* showing that he can substantiate his individual and

13   class claims, that he can be an adequate class representative and can meet the Rule

14   23 class certification requirements.

15

16   Dated:  September 21, 2009            MORGAN, LEWIS & BOCKIUS LLP

17

18                                        By  /s/ Rebecca Eisen
                                              Rebecca Eisen
19                                            John Battenfeld
                                              Lauren S. Kim
20                                            Attorneys for Defendant
                                              P.F. CHANG'S CHINA BISTRO, INC.
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
 ATTORNEYS AT LAW
 SAN FRANCISCO