O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE H. VASQUEZ, ETC., <br><br> Plaintiff, <br><br> vs. <br><br> P.F. CHANG'S CHINA BISTRO, INC., ET AL., <br><br> Defendants. | CASE NO. CV 09-01408 DSF (RZx) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

    This matter came before the Court on October 5, 2009 on the motion of Plaintiff Rene H. Vasquez to compel answers to interrogatories and production of documents. Plaintiff appeared through his counsel Matthew J. Matern. Defendant P.F. Chang's China Bistro, Inc. appeared through its counsel John S. Battenfeld. The Court heard argument of counsel and took the matter under submission.

    Plaintiff seeks to maintain this state-law action, removed to this Court, as a class action. The parties have stipulated that the contested discovery falls into three categories: contact information for the putative class; timekeeping records; and payroll data. By stipulation of the parties, upon which the Court entered an order, the time for bringing a motion to certify the class has been extended. The discovery at issue here thus does not go to the merits of a certified action. Rather, the question here is whether the discovery sought bears on the issues which would be addressed in a certification motion.

FED. R. CIV. P. 23(a) states four requirements for a class action, somewhat colloquially described as numerosity, commonality, typicality, and adequacy of the representative. In determining whether, and what discovery should be allowed, the Court should consider the need for the discovery, the time required, and the probability of discovery's resolving any factual issue necessary for the class certification determination; the Court should allow discovery where the propriety of a class action cannot be determined without it. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1312-13 (9th Cir. 1977) (*citing Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975)). The Ninth Circuit also has stated that "[a]lthough in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

Plaintiff has not shown that the identities and residences of the employees or former employees is necessary or likely to be useful in his attempt to satisfy the requirements of FED. R. CIV. P. 23(a). Plaintiff certainly can assert that the numerosity requirement is satisfied without further discovery as to who the employees or former employees are and where they live. Nor does Plaintiff's claim seem to require the identities and addresses of the employees or former employees for purposes of determining whether common questions of law or fact exist, or the sometimes overlapping inquiry of whether the named plaintiff's claims are typical of those held by putative members of the class. Plaintiff makes no showing what this information likely would show, or, in the words of the *Kamm* court, the probability that it will resolve this factual issue. While such information could well be appropriate for notice purposes after certification, and theoretically could be appropriate for other purposes, such as damages, Plaintiff has not made out a prima facie showing that it is appropriate for discovery of whether the action should be maintained as a class action. Finally, no argument really is made, nor could it

be made, that the discovery has any pertinence to the named plaintiff's ability to fairly and adequately protect the interests of the class.

The discovery targeting time records and the related information as to payroll and point-of-sale data presents even more difficulties. Plaintiff's argument is that the discovery will help demonstrate the appropriateness of class treatment for his claim that Defendant violates the law by not according meal breaks. Defendant's records, however, show that Plaintiff himself was accorded meal breaks, and so he has not made out "a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied . . . ." *Mantolete*, *supra*, 767 F.2d at 1424. Plaintiff now asserts that his records were doctored, so that it appears he was given meal breaks, when in fact he was not. No such averment of fact appears in the Complaint, however, nor does Plaintiff aver that Defendant doctors the records of all cooks at P.F. Chang's. At oral argument, Plaintiff's counsel stated that such doctoring of records would be criminal activity; the Court will not allow the requested discovery, without even an averment made pursuant to FED. R. CIV. P. 11 as to the class-wide criminal conduct of Defendant.

Plaintiff also seeks discovery of various payroll data, such as pay stubs, W-2 forms and related information. Plaintiff's Complaint contains a claim for failing to provide written statements as to hours worked, gross and net pay, and like data that employers are supposed to provide. However, Plaintiff testified at his deposition that he was, in fact, provided such information. It would not be appropriate for him to search through the records of other employees when he himself has not made out a prima facie showing of his entitlement to relief on the claim.

Plaintiff having failed to sustain his burden of making a prima facie showing that the requested discovery should be compelled, the motion to compel is denied.

DATED: October 8, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 3 -